UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ABEL TROSCLAIR                                             CIVIL ACTION

VERSUS                                                     NO. 08-3824

ABDON CALLAIS OFFSHORE, L.L.C.                             SECTION "C" (1)

ORDER AND REASONS

This matter comes before the Court on motion to exclude the report and testimony of Leslie Eschete filed by Abdon Callais Offshore, L.L.C. ("ACO") and motion to serve supplemental expert report filed by the plaintiff, Abel Trosclair ("Trosclair"). Having considered the record, the memoranda of the parties and the law, the Court rules as follows.

Trosclair seeks damages under the Jones Act and general maritime law for personal injuries allegedly received while working for the defendant on the defendant's vessel. The accident allegedly occurred when he fell while connecting a water transfer hose on the stern of the vessel. He claims that the weather was rough, "the captain negligently chose to use direct positioning system instead of manual controls," and the deck was slick with algae. (Rec. Doc. 1, ¶ 6).

ACO challenges Eschete's failure to refer to the ACO policy manual, his citation to regulations that do not apply to this case, and his gratuitous criticisms of ACO

counsel and the vessel captain. ACO identifies the "primary issue" of their motion is that the opinions contained in the report are not necessary and not helpful to the Court, which is the trier of fact in this matter.[1]

In response to ACO's motion, Eschete prepared a supplemental report, the filing of which is opposed by ACO as untimely without cause and as containing new opinions. ACO also criticizes the report as making no reference to the deposition testimony of Jacob Chase. It also argues that the new report contains fact finding and speculation, that the statement that ACO "should have negotiated a more reasonable contract" is irrelevant, and that Eschete's interpretation of statutes and regulations and the credibility of witnesses are not proper subjects of an expert report.

The Court will allow the supplemental report, but acknowledges that the second version of Eschete's report was untimely without cause. If ACO feels that it needs its own expert because of the plaintiff's untimeliness, the Court will consider a motion to continue trial in order to pursue its own expert.

---

[1] Under Fed. R. Evid. 702:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the fact of the case.

With regard to the supplemental report, the Court agrees with much of ACO's substantive criticisms that Eschete's opinions stretch if not breach the proper scope of expert testimony. However, the Court is also mindful that it is the fact finder in this matter. The Court cautions the plaintiff that his expert testimony should stay within the bounds of Fed. R. Evid. 702 or risk having his testimony disregarded entirely.

Accordingly,

IT IS ORDERED that the motion to exclude the report and testimony of Leslie Eschete filed by Abdon Callais Offshore, L.L.C. is DISMISSED AS MOOT. (Rec. Doc. 27).

IT IS FURTHER ORDERED that the motion to serve supplemental expert report filed by the plaintiff, Abel Trosclair is GRANTED. (Rec. Doc. 34).

New Orleans, Louisiana, this 2nd day of March, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE